UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HAROLD G. AUSTIN,                              :
                                                                           :
         Petitioner,                             :         CIVIL NO. 3:CV-06-0294
                                                                          :
         v.                                             :         (Judge Caputo)
                                                                            :
JONATHAN MINER,                              :
                                                                             :
         Respondent.                         :

## O R D E R

        Petitioner, Harold G. Austin, commenced this *pro se* action with a petition for writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2241.  Petitioner alleges trial court errors and ineffective assistance of counsel.  By Order dated February 17, 2006 (Doc. 5), this Court transferred the habeas petition to the United States District Court for the District of Columbia, since "Petitioner is challenging a decision of the Superior Court for the District of Columbia, [and] the trial court and records, as well as the witnesses and testimony, are all located in the District of Columbia."  Presently before the Court is Petitioner's motion for reconsideration (Doc. 7) of the Court's Order.  Since the Court finds that Petitioner has failed to provide the evidence required for a successful motion to alter or amend the Court's judgment, his motion will be denied.

        A motion for reconsideration is a device of limited utility, and it permits the district court to reconsider its prior judgment.  *Hairston v. Alert Safety Light Products*, 307 F.3d 717 (8th Cir. 2002).  It may be used only to correct manifest errors of law or fact, or to present newly discovered precedent or evidence which, if discovered previously, might have

affected the court's decision.  *Harsco Corp. v. Zlotnicki*, 779 F.2d 906 (3d Cir. 1985).  It has also been held that a motion for reconsideration is appropriate in instances such as where the court has ". . . misunderstood a party, or has made a decision outside the adversarial issues presented to the court by parties, or has made an error not of reasoning, but of apprehension."  *See Rohrbach v. AT & T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995).  "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly."  *Continental Casualty Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

In his pending motion, Petitioner claims that "the courts in this jurisdiction (Third Circuit) have 'clearly defined' guidance on the issue in question, [and] the District of Columbia [C]ircuit (and its inferior courts) follow contrary and less clearly defined guidelines on the issue."  (Doc. 7 at 2.)  However, an interest in filing in a more favorable forum is insufficient to justify reconsideration, and Petitioner fails to set forth new evidence, a change of law, or a manifest error of law to justify reconsideration.  Accordingly, this Court concludes that Petitioner has not satisfied the requirements for a successful motion for reconsideration, and Petitioner's motion (Doc. 7) will be denied.

**AND NOW, THEREFORE, THIS 13th DAY OF MARCH, 2006, IT IS HEREBY ORDERED THAT** Petitioner's motion for reconsideration (Doc. 7) is **DENIED**.

    /s/ A. Richard Caputo
    A. RICHARD CAPUTO
    United States District Judge