IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HAROLD G. AUSTIN,** | : | |
| | : | |
| **Petitioner,** | : | **CIVIL NO. 3:CV-06-0294** |
| | : | |
| **v.** | : | **(Judge Caputo)** |
| | : | |
| **JONATHAN MINER***,* | : | |
| | : | |
| **Respondent.** | : | |

## M E M O R A N D U M

### I.      Introduction.

Petitioner, Harold G. Austin, a federal prisoner confined at the Allenwood

United States Penitentiary in White Deer, Pennsylvania, commenced this *pro se* action

with a petition for writ of habeas corpus (Doc. 1) filed pursuant to the provisions of 28

U.S.C. §2241.  Respondent is Jonathan Miner.  Petitioner is challenging the validity of

his conviction and sentence imposed by the District of Columbia Superior Court in 1981.

Specifically, Petitioner states that in March of 1981, he was convicted of first degree

murder in the Superior Court for the District of Columbia.  He claims that he filed a

motion to vacate under District of Columbia Code ("DC Code") § 23-110 in January of

1991, alleging due process violation as well as a double jeopardy claim.  In July of 1993,

he avers that the court granted his double jeopardy claim and denied the remaining

claims without a hearing.

In the petition, Petitioner claims that "the DC Court of Appeals denial of the relief from the [§] 23-110 Court's [ruling], and the U.S. Supreme Court's denial of writ of certiorari" renders the DC Code as inadequate or ineffective to test the legality of his claims of constitutional deprivations.  (Doc. 1 at 6.)  For the following reasons, the petition will be summarily dismissed.

**II.**      **Background.**

The following facts are set forth in the petition for writ of habeas corpus (Doc. 1) or Petitioner's memorandum in support of the habeas petition (Doc. 2).  In March of 1981, Petitioner and two co-defendants were convicted of three counts of first degree murder.  As a result of the conviction, on May 14, 1981, Petitioner was sentenced to a term of imprisonment of twenty-four years to life.  Thereafter, on July 19, 1993, the sentence was amended to a term of imprisonment of twenty-two years to life.

Thereafter, in January of 1991, Petitioner filed a motion for habeas relief pursuant to District of Columbia Code ("DC Code") DC ST § 23-110, asking the Court to vacate his conviction and sentence.  The 23-110 petition alleged a double jeopardy violation as well as other Constitutional violations.  "In July of 1993, the court granted relief on the double jeopardy issue (pursuant to intervening law, i.e. *Ball v. United States*, 84 L.Ed.2d 740 (1985) . . .), but denied hearing all other issues . . . *see Byrd v. United States*, 500 A.2d at 1387."  (Doc. 1 at 11.)  Subsequently, the United States Court of Appeals for the District of Columbia denied relief from the "23-110 Court's 'limitation of proceedings,' and the [United States Supreme Court denied certiorari]."  (*Id.* at 6.)  The instant petition ensued.  Petitioner claims that DC Code § 23-110 is inadequate or

ineffective to test the legality of his claims, and the Court should order habeas relief.

Petitioner is mistaken.

**III.      Discussion.**

**A.  Summary Dismissal.**

Habeas corpus petitions brought under § 2241 are subject to summary

dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules

Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. §

2254 (1977) (applicable to § 2241 petitions under Rule 1(b)).  *See, e.g., Patton v.*

*Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).  Rule 4 provides in pertinent part: "If

it plainly appears from the face of the petition and any exhibits annexed to it that the

petitioner is not entitled to relief in the district court, the judge shall make an order for its

summary dismissal and cause the petitioner to be notified."  A petition may be dismissed

without review of an answer "when the petition is frivolous, or obviously lacking in merit,

or where . . . the necessary facts can be determined from the petition itself . . . ."  *Allen v.*

*Perini*, 424 F.2d 134, 141 (6th Cir.)  *Accord U.S. ex rel. DeCreti v. Wilson*, 967 F.Supp.

303 (N.D.Ill. 1997).  The *Allen* court also stated that "the District Court has a duty to

screen out a habeas corpus petition which should be dismissed for lack of merit on its

face."  424 F.2d at 141.

**B.  Unavailability of § 2241 Relief.**

Petitioner has been convicted of crimes under the DC Code.  In the instant

petition, Petitioner claims that (1) the trial court misinterpreted and/or misapplied DC

Code § 23-105, (2) the trial court "constructively amended" terms alleged in the

indictment, (3) the trial court violated his right to trial and determination of guilt by the

jury, and (4) Petitioner suffered from ineffective assistance of appellate counsel.  (Doc. 1

at 3-4.)  The procedure to challenge a conviction or sentence of the District of Columbia

Superior Court is set forth in the DC Code.  Under DC Code 23-110(g)

> An application for a writ of habeas corpus in behalf of a prisoner who is
> authorized to apply for relief by motion pursuant to this section **shall not
> be entertained by . . . any Federal . . . court** if it appears that the . . .
> Superior Court has denied him relief . . . unless it also appears that the
> remedy by motion is inadequate or ineffective to test the legality of his
> detention.

DC ST § 23-110(g) (emphasis added).  Petitioner has sought relief pursuant to § 23-110, in

which he raised various Constitutional issues by his own characterization.  Petitioner had

been denied relief in his § 23-110 motion, prompting him to seek relief in this Court.

However, § 23-110 is clear in its requirement that the Petitioner demonstrate the remedy is

inadequate or ineffective.  Nothing in the record supports a conclusion that Petitioner was

in any way prevented from raising and seeking relief on the issues set forth in the instant

petition. Petitioner has had at least one review of his sentence and conviction by the District

of Columbia Superior Court, and he has been granted relief on his double jeopardy claim

and he was denied relief on all other issues.  The § 23-110 remedy is not rendered

inadequate or ineffective merely because relief has been denied.  *Wilson v. Office of the*

*Chairperson*, 892 F.Supp. 277, 280 (D.D.C. 1995).  At best, Petitioner can only

demonstrate an inability to successfully utilize the § 23-110 remedy a second time.  Since §

4

23-110 is not inadequate or ineffective to test the legality of Petitioner's detention or

sentence, the petition will be summarily dismissed.  An appropriate Order follows.


Dated: May 9, 2006                                         /s/ A. Richard Caputo
                                                      A. RICHARD CAPUTO
                                                      United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HAROLD G. AUSTIN,** | : | |
| | : | |
| **Petitioner,** | : | **CIVIL NO. 3:CV-06-0294** |
| | : | |
| **v.** | : | **(Judge Caputo)** |
| | : | |
| **JONATHAN MINER,** | : | |
| | : | |
| **Respondent.** | : | |

## O R D E R

**AND NOW, THIS 9th DAY OF MAY, 2006,** in accordance with the foregoing

memorandum, **IT IS HEREBY ORDERED THAT**:

1.   The petition for writ of habeas corpus (Doc. 1) is summarily **DISMISSED**

pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the

United States District Courts.

2.   The Clerk of Court is directed to close this case.


　　　　　　　　　　　　 /s/ A. Richard Caputo
　　　　　　　　　　　　 A. RICHARD CAPUTO
　　　　　　　　　　　　 United States District Judge